45 F.3d 432
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Tony L. SMITH, Plaintiff/Appellant,
v.
H. Christian DEBRUYN, et al., Defendants/Appellees.
 No. 94-1155.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 5, 1995.*
Decided Jan. 9, 1995.
 
 Before BAUER, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Tony L. Smith appeals the district court's dismissal of his suit, brought pursuant to 42 U.S.C. Sec. 1983,[1] for failing to comply with the court's orders to file a separate, complete, amended complaint. See Fed.R.Civ.P. 41(b). We review a dismissal under Rule 41(b) for an abuse of discretion, examining the "procedural history of the case and the situation at the time of dismissal." Casteel v. Pieschek, 3 F.3d 1050 (7th Cir.1993). As the district court noted, Mr. Smith was ordered on three separate occasions to file an amended complaint. Although Mr. Smith was able to file many other documents with the court, he failed to file an amended complaint. We cannot say that the district court abused its discretion in dismissing Smith's suit. Therefore, for the reasons stated in the attached order, we AFFIRM the judgment of the district court.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 NORTHERN DISTRICT OF INDIANA
 SOUTH BEND DIVISION
 Tony Lee Smith, Plaintiff
 
 2
 vs.
 
 H. Christian DeBruyn, et al., Defendants
 Cause No. S92-638RM
 MEMORANDUM AND ORDER
 
 3
 The record in this cause discloses the following:
 
 
 4
 1. On October 7, 1992, plaintiff Tony Lee Smith tendered a complaint and a petition to proceed in forma pauperis. (Docket entry # 1). Because his petition was incomplete, the clerk accepted the complaint without filing it, and the court ordered Mr. Smith to provide the necessary information to rule on the pauper petition. (Docket entry # 4).
 
 
 5
 2. On November 16, 1992, Mr. Smith provided the necessary information (Docket entry # 5 & 6), and also submitted an amended complaint naming additional defendants. The pauper petition was granted on November 24, 1992. (Docket entry # 8).
 
 
 6
 3. On February 22, 1993, after receiving an extension of time, the defendants moved to dismiss the complaint. (Docket entry # 28). Mr. Smith responded to the dismissal motion on March 12. (Docket entry # 31). The court denied the dismissal motion in part on May 12. (Docket entry # 35).
 
 
 7
 4. On May 27, after the court ruled on several procedural motions, Mr. Smith moved to amend his complaint. (Docket entry # 36). The court granted that motion on June 11. (Docket entry # 37). On June 28, Mr. Smith filed a supplement to his complaint. (Docket entry # 39).
 
 
 8
 5. At a preliminary pretrial conference held on July 20, confusion was expressed as to whether Mr. Smith's June 28 "supplement" was intended to supersede the earlier complaint, or to present additional allegations. Following discussion, the court ordered Mr. Smith "to file a separate, complete, amended complaint." (Docket entry # 43).
 
 
 9
 6. On July 28, Mr. Smith moved for an enlargement of time within which to file his amended complaint. (Docket entry # 45). On August 5, Mr. moved to consolidate this case with two other cases. (Docket entry # 49).
 
 
 10
 7. On August 20, the defendants filed a renewed motion to dismiss the amended, supplemented complaint. (Docket entry # 54).
 
 
 11
 8. On September 1, Mr. Smith responded to the renewed motion to dismiss. (Docket entry # 56).
 
 
 12
 9. On September 22, the court again ordered Mr. Smith to file a complete amended complaint to allow the court to address the defendants' motion to dismiss and the plaintiff's motion to consolidate. Mr. Smith was ordered to do so by October 13. (Docket entry # 57).
 
 
 13
 10. When Mr. Smith did not respond to the September 22 order, the court afforded Mr. Smith to and including November 17 within which to show cause why the action should not be dismissed for non-compliance. (Docket entry # 58).
 
 
 14
 11. Mr. Smith responded to the show cause order with a filing indicating that he had not understood that he was obliged to file a full amended complaint. (Docket entry # 59). Accordingly, on November 9, the court again ordered Mr. Smith to file the amended complaint, and afforded him to November 30 within which to do so. (Docket entry # 60).
 
 
 15
 12. On November 29, Mr. Smith filed his reply, stating, "there has never been an amended complaint filed in this cause, no only plaintiff's motion to supplement the complaint filed on 6-21-93, which was ordered by this court on 6-11-93...."
 
 
 16
 Based on the foregoing, the court finds that Mr. Smith was ordered three times to file a separate, complete, amended complaint; on one occasion, he requested an enlargement of time within which to do so. He has never done so. He has been informed that the court deems the amended complaint sufficiently important to justify dismissing the case for his failure to file the amended complaint. His most recent filing indicates neither the fact of a filing nor an intention to comply with the earlier orders.
 
 
 17
 Accordingly, the court now ORDERS this cause DISMISSED pursuant to Fed.R.Civ.P. 41(b) for failure to comply with the June 20, 1993 order "to file a separate, complete, amended complaint."
 
 
 18
 SO ORDERED.
 
 
 19
 ENTERED: December 22, 1993.
 
 
 20
 --------/s/ Robert L. Miller, Jr.
 
 
 21
 --------Robert L. Miller, Jr., Judge
 
 
 22
 --------United States District Court
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 In his brief on appeal, Mr. Smith claims that he was denied proper medical treatment after an alleged poisoning. He also argues that he was denied access to a law library. However, Smith's original complaint listed 101 grievances